IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLADSTONE INDUSTRIES
CORPORATION and VICKI
ATLASMAN,

        Plaintiffs,

      v.                                            Civ. No. 25-665 SCY/JFR

FAIR AND FAST LOGISTICS, INC.
and ARTISAN & TRUCKERS
CASUALTY COMPANY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO REMAND**

      Plaintiffs move to remand this case to state court, arguing that the procedural requirement that all served defendants consent to removal is not met. Because the non-removing Defendant did not timely provide independent and unambiguous consent to removal, the Court finds the notice of removal procedurally deficient and grants the motion to remand.

**BACKGROUND**

      Plaintiffs Gladstone Industries Corporation and Vicki Atlasman filed suit in state court against Defendants Fair and Fast Logistics, Inc., Artisan & Truckers Casualty Company, and Pedro Casseus.[1] Doc. 1-1. Plaintiffs served Fair and Fast and Artisan & Truckers on June 17, 2025. Docs. 1-2, 1-3. On July 15, 2025, Fair and Fast filed a notice of removal based on diversity jurisdiction, in which it asserted that "Defendant Artisan consents to the removal of this action."

---

[1] As of July 15, 2025. when the case was removed, Plaintiffs had not served Pedro Casseus. Plaintiffs later filed a First Amended Complaint, which still names Pedro Casseus in the caption, but the body of the complaint makes it clear that Plaintiffs removed him as a defendant in the case. Doc. 8.

Doc. 1 at 4. On August 13, Artisan & Truckers appeared in the case and filed a motion to dismiss. Docs. 14, 15. The next day, Plaintiffs timely filed a motion to remand, arguing that Artisan & Truckers did not properly and timely consent to removal. Doc. 17; *see also* Doc. 22 (response); Doc. 24 (reply). Thereafter, on August 27, 2025, Artisan & Truckers filed a notice of consent to removal. Doc. 23.

**DISCUSSION**

### 1. Meet and Confer

As an initial matter, Fair and Fast asserts that the Court should summarily deny Plaintiffs' motion to remand because Plaintiffs did not confer with opposing counsel before filing the motion. Doc. 22 at 2-3. This District's Local Rules require that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a). Here, although Plaintiffs' motion contains a statement that "[t]his Motion for Remand is opposed," Doc. 17 at 1 n.1, Plaintiffs appear to concede that they did not actually confer with Fair and Fast before making that assertion. *See* Docs. 22 at 2-3; Doc. 24 at 2.

The Court thus admonishes Plaintiffs that Local Rule 7.1(a) applies to all motions and that a movant must actually confer with the other side before making a representation regarding concurrence or opposition. *See Sanders v. USAA Cas. Ins. Co.*, No. 19-CV-0895 KWR/SMV, 2020 WL 486978, at *4 n.3 (D.N.M. Jan. 30, 2020) ("The text of Local Rule 7.1(a) and precedent within the Tenth Circuit clearly require counsel to confer before filing *any* motion, regardless of what a party may infer.") (citing D.N.M.LR-Civ. 7.1(a); *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 667 (10th Cir. 2013); *Ortega v. N.M. Legal Aid, Inc.*, No. 18-cv-0111 MV/KK, 2019 WL 3936834, at *2 (D.N.M. Aug. 29, 2019)). Further, Plaintiffs have a duty

under Rule 11 to confirm that their motion is actually opposed before representing that it is. *See* Fed. R. Civ. P. 11(b).

Even if a party has reason to assume that a motion will be opposed, that party must still confer with the other side. In part, this is because even where such communication does not resolve all issues, it may at least narrow the issues in dispute. For instance, in the present case, had Plaintiffs communicated with Fair and Fast before filing their motion, they might have learned that defense counsel was relying on a communication with in-house counsel, which may have altered the argument Plaintiffs made in their opening brief. In other instances, this pre-motion communication Local Rule 7.1(a) requires might avoid the unnecessary expenditure of resources attendant to litigating an issue that could have been resolved without the need for litigation.

Summary denial of Plaintiffs' motion, however, is too harsh a sanction for a violation of Rule 7.1(a) in this instance. Fair and Fast opposes the entirety of Plaintiffs' motion to remand; therefore, Plaintiffs' failure to confer with Fair and Fast has wrought little, if any, prejudice on Fair and Fast. Accordingly, the Court will proceed to address the merits of Plaintiffs' motion. *See D.G. v. City of Las Cruces*, No. 14-CV-368 MCA/WPL, 2015 WL 13665421, at *3 (D.N.M. Mar. 25, 2015) ("The City Defendants have pointed to no prejudice from Plaintiff's failure to seek their concurrence before filing her motion. Moreover, in this case, denying the now fully-briefed motion serves no benefit for judicial economy. Under the circumstances, it is more appropriate that this Court now admonish Plaintiff's counsel to request concurrence from opposing counsel before filing any motions in this Court, dispositive or otherwise, and to abide by the rules of this Court.").

2. **Unanimity Rule**

When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction, the defendant may remove the action to federal court. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a)," as this case was, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172 (D.N.M. 2007) ("When there are multiple defendants, generally all must consent to join in the notice of removal in order for it to be effective."); *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273, 1275 (D.N.M. 2010) ("A valid removal requires the consent of all served defendants."). This is referred to as the unanimity rule. "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady*, 504 F. Supp. 2d at 1172-73; *see also Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257-58 (D.N.M. 2008) ("Where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal . . . . It is well established that a notice of removal fails if this procedural requirement is not met."); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1094 (10th Cir. 2017) (confirming that noncompliance with the unanimity rule is grounds for remand). Here, only Defendants Fair and Fast and Artisan & Truckers were joined and served at the time of removal (not Pedro Casseus) and so both were required to consent to removal.

Although all defendants are required to join in removal, not all defendants are required to sign the same notice of removal. *See Vasquez*, 536 F. Supp. 2d at 1258. Indeed, the removal statute is silent as to how or when a co-defendant should express consent for removal. *See Szuszalski v. Fields*, No. 1:19-CV-0250 RB-CG, 2019 WL 5964602, at *4 (D.N.M. Nov. 13,

2019) ("The statute does not define what constitutes 'joining' or 'consenting'".). Here, the notice of removal is only signed by Fair and Fast, but Fair and Fast represents in the notice that "Defendant Artisan consents to the removal of this action." Doc. 1 at 4. Additionally, Artisan & Truckers later filed a notice of consent to removal. Doc. 23.

In deciding whether the requirements for removal have been met, the Court first considers whether the notice of consent to removal, filed by Artisan & Truckers, is sufficient to convey its consent. This court has previously held that "a properly served and joined defendant's position on removal must be set no later than the time by which a plaintiff must move to remand." *Spigner v. Singh*, No. CV 21-123 SCY/LF, 2021 WL 3033331, at *3 (D.N.M. July 19, 2021). Fair and Fast removed the case on July 15, 2025, Doc. 1, making Plaintiffs' deadline to move to remand August 14, 2025. *See* 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Artisan & Truckers did not file its notice of consent until August 27, 2025, well after Plaintiffs' deadline to move to remand. Doc. 23. Because the notice is untimely, it cannot function to satisfy the unanimity rule. *See e.g.*, *Spigner*, 2021 WL 3033331, at *7 ("[The non-removing defendant] did not file his consent to removal until after Plaintiffs filed their motion to remand and, it appears, only filed the consent in response to Plaintiffs' motion to remand. Accordingly, remand is required because Defendants did not timely meet the unanimity requirement.").

Given that Artisan & Truckers' notice of consent is insufficient to meet the unanimity rule, the next question for the Court is whether Fair and Fast's representation in the notice of removal that Artisan & Truckers consents to removal is sufficient to meet the unanimity rule. Plaintiffs argue that "Defendant Fair and Fast's unsupported and bare bones representation in the

Notice of Removal that Defendant Artisan consented is not enough," as Artisan & Truckers failed to file a timely independent and unambiguous notice of consent. Doc. 15 at 5. Fair and Fast, on the other hand, argues that its "averment in its Notice that Defendant Artisan consents to removal coupled with Artisan's own activity in this lawsuit is sufficient to meet the unanimity requirement." Doc. 22 at 7.

"The Tenth Circuit . . . has not stated what is necessary to satisfy the requirement that all defendants 'join in the removal petition.'" *Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1248 (D.N.M. 2010) (citing *Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1034 (10th Cir. 1998)). A split exists among several circuits and several judges in this District as to what is necessary to meet the unanimity rule. *See Szuszalski v. Fields*, No. 1:19-CV-0250 RB-CG, 2019 WL 5964602, at *3 (D.N.M. Nov. 13, 2019) ("[T]here is a decades-old circuit split regarding how codefendants must consent to removal.").

On one side of the split are cases holding that one defendant may vouch in the notice of removal for the consent of the non-removing defendant. This is the approach for which Fair and Fast advocate, citing *Tresco*, 727 F. Supp. 2d 1243; *Szuszalski*, 2019 WL 5964602; and *Roybal v. City of Albuquerque*, No. CIV08-181 JB/LFG, 2008 WL 5991063 (D.N.M. Sept. 24, 2008)). In *Tresco* and *Roybal*, Judge Browning followed the Sixth and Ninth Circuits' reasoning that Rule 11 sufficiently binds one defendant when vouching for the consent of another defendant. *Tresco*, 727 F. Supp. 2d at 1249, 1254 (collecting cases); *Roybal*, 2008 WL 5991063, at *8 ("Representations by counsel, signed under rule 11, are sufficient to deal with the primary concern animating the judicial creation of restrictions on removal.").

On the other side of the split are courts that require independent and unambiguous consent from every served defendant, such as by each served defendant signing the notice of

removal or submitting its own written, timely notice of consent. *See Vasquez*, 536 F. Supp. 2d at 1258; *Padilla v. Dollar Gen. Corp.*, No. CV 14-0544 MV/WPL, 2014 WL 12789008, at *3 (D.N.M. Aug. 21, 2014); *Dunn-Edwards Corp.*, 728 F. Supp. 2d at 1277; *see also Tresco*, 727 F. Supp. 2d at 1248 (collecting cases which follow the independent and unambiguous consent approach); *Szuszalski*, 2019 WL 5964602, at *3 (collecting cases and noting that the Second, Fifth, and Seventh Circuits follow the independent and unambiguous approach). In *Vasquez*, Judge Johnson held, "[i]t is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal." 536 F. Supp. at 1258. Citing *Henderson v. Holmes*, he explained that,

> There are valid reasons for the requirement of independent and unambiguous filing of consent. Without such a filing, there would be nothing on the record to bind the allegedly consenting defendant. It serves the policy of insuring the unanimity necessary for removal. It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand.

*Id.* (quoting *Henderson*, 920 F. Supp. 1184, 1187 n. 2 (D. Kan. 1996)) (citation modified).

The Court recognizes valid and reasonable arguments on both sides of the split. Faced with this issue in 2017, the Court followed the independent and unambiguous approach. *See Schueller v. Cnty. of Valencia*, No. CV 16-01287 SCY/WPL, 2017 WL 3172781, at *2-3 (D.N.M. May 24, 2017). At the time, this was the majority approach. Since then, however, there has been movement toward the alternative approach that allows one defendant to vouch for another. *See Szuszalski* 2019 WL 5964602, at *4 (noting the "tide appears to be turning,").

The text of the relevant statute does not favor either approach. When a civil action is removed solely under section 1441(a) (as this case was), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.

§ 1446(b)(2)(A). That is, the plain language of this text requires that all defendants consent.[2] The text, however, says nothing about whether such consent must be communicated and, if so, how it must be communicated.

Although Section 1446 does not expressly require communication of consent, the Court is unaware of any case that holds consent need not be communicated at all. This is not surprising. If no requirement exists that a party must communicate its consent to removal, a defendant could meet its consent requirement with nothing more than a thought. Successful opposition to a motion to remand would require only a representation that, although never communicated to anyone, the party had timely thought through the issue and decided to consent to removal. Such an outcome would place plaintiffs in the dark as to whether consent from all defendants had been achieved.

This is a point Judge Black made in *State Farm Fire and Cas. Co. v. Dunn-Edwards Corp.*, 728 F. Supp. 2d 1273 (D.N.M. 2010). There, the removing defendant did not represent in its notice of removal that the other served defendant consented to removal. *Id*. at 1274. In opposing the plaintiff's subsequently filed motion for remand, the removing defendant argued that its co-defendant had timely communicated its consent in a private telephone conversation. *Id*. at 1275. As Judge Black noted, although consent to removal may have been communicated amongst the co-defendants, that such consent was not communicated to the plaintiff was problematic. *Id.* Specifically, Judge Black observed,

> If a served defendant withholds consent, the removal is procedurally deficient and the parties have thirty days to seek remand. If the parties do not seek remand within thirty days, the procedural deficiency is waived. Thus, in order to make

---

[2] The text of Section 1446(b)(2)(A) requires all served defendants to "join in or consent." Here, it is undisputed that Artisan & Truckers did not join in the notice of removal, as the notice of removal was filed and signed only by counsel for Fair and Fast. Doc. 1. As such, the Court focuses only on whether Artisan & Truckers consented to removal.

> informed, timely decisions about remand, parties must be able to tell whether all
> of the served defendants consented during the thirty-day removal period.

*Id.* (internal footnotes omitted). In other words, whether a co-defendant has consented to removal must be communicated to the plaintiff so that the plaintiff can decide whether to file a motion to remand. *See id*. at 1278 ("[T]he fact that [the removing defendant] knew of [the non-removing defendant's] consent at the time of removal is of little value. [The non-removing defendant] needed to inform the Court—and [the plaintiff]—that [the non-removing defendant] consented so that [the plaintiff] could have been spared the expense of filing a motion to remand based on the absence of consent.") (internal footnote omitted).

Of course, because Section 1446 does not say a defendant must communicate its consent, such a requirement must be read into the statute. This creates a dilemma for courts, as courts are reluctant to insert judicially-made procedural requirements into a statute. Such reluctance was a primary reason Judge Brack in *Szuszalski* rejected the independent and unambiguous approach. In so doing, Judge Brack reasoned that although the "written requirement [under the independent and unambiguous approach] simplifies the process of establishing unanimity for both plaintiffs and courts, [the Court] is reluctant to impose a judicially-made procedural requirement that is not found in the statute or in this district's local rules." 2019 WL 5964602, at *7.

Although the Court shares Judge Brack's reluctance to insert a judicially-made procedural requirement into the statute, the vouching approach does not avoid this result, as both the vouching approach and the independent and unambiguous approach involve judicial rule-making. First, consider the vouching approach: communication of consent can be accomplished by allowing the removing defendant to vouch for the consent of the remaining served defendants. Next, consider the opposing view: this is not enough—each consenting defendant must file its own notice of consent. Both approaches are reasonable. And both approaches impose a

9

judicially-made rule governing the question Section 1446 leaves unanswered: What communication is sufficient? Is it enough for one defendant to represent that another defendant has consented? Or does each consenting party need to file its own notice of consent? Because the rule does not say, courts must fill this statutory gap.

Having established that consent must be communicated in some way, the Court now turns to what minimum level of communication is sufficient. The strongest argument in favor of the vouching approach is that it avoids "legal flaw-picking." Proponents of the vouching approach, including Fair and Fast, assert that the focus should be on whether each served defendant consents to removal rather than the manner in which that consent was communicated. *See* Doc. 22 at 9-10. Proponents contend that remanding a case based on how consent was communicated unjustly deprives consenting defendants of their statutory right to proceed in federal court.

Proponents of the independent and unambiguous approach, including Plaintiffs, counter that a rule that allows one defendant to simply represent the consent of another defendant opens the door to unnecessary litigation over whether a co-defendant actually provided timely consent. *See* Doc. 17 at 4. By requiring each served defendant to take the simple step of timely filing its own notice of consent, the independent and unambiguous approach leaves little room for dispute on the issue of consent.

Thus, the main difference between the approaches boils down to a question of hearsay: is one defendant's representation about what another defendant has said sufficient to meet the unanimity rule? The vouching approach answers this question in the affirmative, pointing to the safeguard that Rule 11 provides: an attorney who represents that a co-defendant has also consented to removal necessarily certifies that the factual contentions therein have evidentiary support. *See* Fed. R. Civ. P. 11(b). Rule 11 then places the "attorney at risk for 'sanctions for

making false averments.'" *Szuszalski*, 2019 WL 5964602 at *6 (quoting *Tresco*, 727 F. Supp. 2d at 1249).

The Court agrees that Rule 11 often provides an effective safeguard against intentional misrepresentations of consent. The safeguard it provides against misunderstandings, however, is less effective. *See Dunn-Edwards Co.*, 728 F. Supp. 2d at 1278 ("While no one doubts the veracity of the attorneys appearing in federal court, these courts rightly avoid the morass of ambiguities, disparate memories, and misapprehensions that often accompany attorneys' verbal agreements with one another."). Although Rule 11 ensures that the removing defendant will make a good faith representation, adopting a rule that allows one defendant to speak for another can lead to uncertainty regarding whether consent was actually given.

For example, in this case, Plaintiffs point out some potential confusion over whether Fair and Fast consulted with Artisan & Truckers at the time of removal. Fair and Fast filed its notice of removal on July 15, 2025. Doc. 1. On July 24, 2025, Plaintiffs' counsel added Alicia Santos, counsel for Artisan & Truckers, to the email chain with counsel for Fair and Fast. Doc. 17-1. In response to that addition, counsel for Fair and Fast indicated that "[t]his is the first [she's] heard about Alicia being in the case." *Id.* at 1. When Plaintiffs questioned in its motions to remand how counsel for Fair and Fast could have obtained consent from a co-defendant before that co-defendant's attorney entered the case, counsel for Fair and Fast clarified in response that she conferred with in-house counsel for Artisan & Truckers regarding consent for removal (before she was aware Ms. Santos was on the case). Doc. 22-1. The Court has no doubt things unfolded as counsel for Fair and Fast represents. However, the Court can also understand why the email exchange, which took place during Plaintiffs' 30-day window to file a motion to remand, would

cause Plaintiffs confusion and lead to an initial concern as to whether Artisan & Truckers did indeed consent to removal.

One can also envision a situation where the accuracy of a communication that travels through layers of hearsay is compromised. For instance, well-meaning counsel running up against a deadline might ask a paralegal to ask a co-defendant's paralegal to ask a co-defendant's attorney for that attorney's position on consent. As the original communication moves through each layer of hearsay, it becomes less reliable. In contrast, when a co-defendant timely files its own consent to removal, potential confusion and litigation over whether consent was actually provided is easily eliminated. And, as Judge Black pointed out, "Requiring written notice does not burden defendants because compliance requires very little effort or expense: signing the notice of removal, filing their own notice of removal, or filing a one-page notice of consent is sufficient." *Dunn-Edwards Co.*, 728 F. Supp. 2d at 1275-76.

Looking to the cases Fair and Fast rely on in support of the vouching approach, the Court observes that less basis for initial confusion existed in those cases than in *Dunn-Edwards Corp.* or in the present case. In *Roybal*, the same attorney represented the City of Albuquerque, as well as several individual defendants. 2008 WL 5991063, at *1. Only the City signed the notice of removal, but it represented that "all Defendants who have been served as of the date of this filing consent to the removal." *Id.* Judge Browning reasoned that any concerns regarding binding other defendants to the removal were "all but eliminated" where attorneys make a representation on behalf of their clients, "rather than on behalf of parties who are represented by different attorneys." *Id.* at *8. Here, Fair and Fast and Artisan & Truckers are represented by different attorneys.

In *Szuszalski*, the non-removing defendant filed a separate notice of consent to removal before the plaintiff filed her motion to remand. 2019 WL 5964602, at *2. In contrast, in the present case, Artisan & Truckers did not file a separate notice of consent until after Plaintiffs filed their motion to remand (and after the deadline to move to remand).[3] That is, the only indication of Artisan & Truckers' consent at the time of Plaintiffs' deadline to move to remand was Fair and Fast's representation that Artisan & Truckers had consented. *See Spigner*, 2021 WL 3033331, at *6 ("[A] co-defendant's position on consent to removal must be determined no later than the time when a plaintiff's motion to remand is due.").

Nonetheless, stepping back from the potentially distinguishing minutia of the various cases in this District and focusing on the larger picture of which approach is best, the Court finds the weight of the arguments for each approach to be in near balance. However, consideration of Tenth Circuit guidance requiring the removal statute to be strictly construed against removal and consideration of the undersigned's own precedent favors applying the independent and unambiguous approach in the present case.

As the Tenth Circuit has written, "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). Thus, "while the Court understands that at first blush the Court's decision seems to turn on a mere technicality, '[o]ur jurisprudence has long held that the procedural requirements for removal are to be strictly enforced and that all doubts are to be resolved against removal.'" *Schueller*, 2017 WL 3172781, at *4 (quoting *Dunn-Edwards Corp.*,

---

[3] Fair and Fast filed the notice of removal on July 15, 2025, making the 30-day deadline to move to remand August 14, 2025. *See* 28 U.S.C. § 1447(c). Plaintiffs filed their motion to remand on August 13, 2025, Doc. 17, and Artisan & Truckers did not file its separate notice of consent to removal until August 27, 2025, Doc. 23.

728 F. Supp. 2d at 1276). "By equivocating on unanimity, courts ignore [the presumption against removal] and inject uncertainty into an otherwise clear rule." *Id.* (citing *Dunn-Edwards Corp.*, 728 F. Supp. 2d at 1276). The Court finds that a brightline rule—all defendants must file independent and unambiguous consent—removes uncertainty and allows the Court and the parties to determine whether consent from all served defendants has been received, without sorting through factual issues. Such a brightline rule is most consistent with the mandate that all doubts are to be construed against removal.

Second, the Court must be cognizant of its own precedent. As Judge Black observed, because of Section 1446's failure to provide a communication procedure, "At present, parties before one judge may find that strict compliance is required, while litigants before another— even in the same district—may find that it is not. They are thus left to guess at the scope of the unanimity rule's mandate on the front end, and pay for motions exploring the rule's contours on the back end. Under the current ambiguity, whether a case remains in federal court may hinge on something as random as the judge to whom has been assigned." *Dunn-Edwards Corp.*, 728 F. Supp. 2d at 1276 (internal footnote omitted). Because different judges in the District of New Mexico have reached different conclusions about what Section 1446 requires, only guidance from the Tenth Circuit or the Supreme Court is likely to eliminate uncertainty as to how Section 1446 will be applied when a case is removed to the District of New Mexico. Although the Court cannot eliminate this uncertainly, the Court can at least eliminate inconsistency and uncertainty as to how Section 1446 is applied in cases assigned to the undersigned. Where, as here, the arguments in favor of competing approaches remain almost equally balanced, in the interests of consistency and predictability, the Court will adhere to its 2017 holding in *Schueller*.

Thus, the Court finds that Artisan & Truckers' notice of consent (Doc. 23) is untimely and that the statement in Fair and Fast's notice of removal that Artisan & Truckers consents to removal is insufficient to meet the unanimity rule. Accordingly, the removal is procedurally defective and the Court must remand.

**3. Attorney's Fees**

Lastly, Plaintiffs request that the Court award them costs and expenses, including attorney's fees, incurred because of the removal. Doc. 17 at 5. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Here, given the lack of Tenth Circuit law on the unanimity rule, and the split of authority in this District and among other circuits, the Court finds that Fair and Fast had an objectively reasonable basis for removal. As such, the Court denies Plaintiffs' request for costs and expenses.

## CONCLUSION

For these reasons, the Court GRANTS IN PART Plaintiffs' Motion to Remand (Doc. 17). This matter is remanded to the Second Judicial District Court for the State of New Mexico. Plaintiffs' request for costs and expenses is denied.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE
Presiding by consent